UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ARTHUR FLEMMING MOLER** : **DOCKET NO. 2:19-cv-982**
    **REG. # 27271-171**         **SECTION P**

**VERSUS** : **JUDGE JAMES D. CAIN, JR.**

**OFFICER WELLS, ET AL.** : **MAGISTRATE JUDGE KAY**

## REPORT AND RECOMMENDATION

Before the Court is a complaint and amended complaint [docs. 1, 6] filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, by Arthur Flemming Moler, who is proceeding *pro se* and *in forma pauperis* in this matter. Moler is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute in Forrest City, Arkansas ("FCI-FC"); however, his claims relate an incident that occurred while he was at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO"), and the subsequent lack of medical care he contends he received. This matter has been referred to the undersigned under 28 U.S.C. § 636 and the standing orders of the court for initial review.

### I.
#### BACKGROUND

Moler alleges that on September 4, 2018, while incarcerated at FCIO, he was being escorted from the SHU to the shower, handcuffed, when he fell, hitting the side of his head and his knee on the steps. Doc. 1, p. 3. Plaintiff, who weighs 225 pounds, was pulled up by Officer Wells, up by the left arm, which Wells was holding, causing the right arm to be "in a position it should not be." *Id*. Plaintiff contends that he did not receive medical care at FCIO and was transferred three weeks later.

In his original complaint, he alleged that he "tried to get attention from medical" at FCIO and "can only explain their non-response due to knowing [he] was awaiting transfer to another facility." *Id*. He named Officer Wells, Ian Conners and the United States as defendants.

Plaintiff was ordered to amend his complaint to name the proper defendant for an action arising under the FTCA, provide evidence of exhaustion of his claim, and provide additional detail to assist the court in determining whether the standard of care was breached with regard to his medical claim. Doc. 5. Specifically, he was ordered to state what treatment he believes was denied, the date(s) of each time he requested medical care, from whom he requested medical care, and the response to each request. *Id*.

Moler filed an amended complaint on October 3, 2019. Doc. 6. He first stated his intent to have the United States placed "in first defendant position," which the Court will interpret as plaintiff amending to name the United States as the proper defendant. *Id*. at p. 1. He also attached evidence that his FTCA claim has been exhausted. *See* Doc. 6, att. 1, pp. 10-15. With respect to the order to provide specific details regarding his medical claim, he only states, "Moler did notify Medical Department at FCIO without response prior to his being transferred on or around 9-27-19." Doc. 6 at p. 4, ¶ IV.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Moler has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

### B. FTCA

The United States is immune from tort suits, except to the extent that it waives that immunity. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). One such waiver is the FTCA, 28 U.S.C. § 2671 *et seq.*, which provides the exclusive remedy for damages for injury, death, or loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *Id.* at § 2679(b)(1). Accordingly, a plaintiff seeking relief under the FTCA files his tort claims directly against the United States, rather than the individual government actor. *See Carlson v. Green*, 100 S.Ct. 1468, 1472–73 (1980) (distinguishing between an FTCA action and a *Bivens* suit). Such claims are analyzed under the law of the place where the act or omission occurred. *Sheridan v. United States*, 108 S.Ct. 2449, 2454 (1988) (citing 28 U.S.C. § 1346(b)).

Under the FTCA, a plaintiff is required to properly present his claims to the government agency before filing suit. *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995). This presentment requirement is satisfied by the claimant if he "(1) gives the agency written notice of his . . . claim sufficient to enable the agency to investigate and (2) places a value on his . . . claim." *Pleasant v.*

*United States ex rel. Overton Brooks Veterans Admin. Hosp.*, 764 F.3d 445, 449 (5th Cir. 2014) (quoting *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980)).

### C. Rule 8 Considerations

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted).

### D. Application

Liability under the FTCA exists when a claim sounds under existing state law. *See Champion v. United States*, 421 Fed. Appx. 418, 423 (5th Cir. 2011). The FTCA authorizes civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred. *See* 28 U.S.C. §§ 1346(b)(1), 2674; *see also Longino v. U.S. Dept. of Agriculture*, 912 F. Supp. 2d 424, 429 (W.D. La. 2012) (*citing United States v. Olson*, 126 S. Ct. 510 (2005)).

Substantive state law determines whether a cause of action exists. *See Johnston v. United States*, 85 F.3d 217, 219 (5th Cir. 1996). Accordingly, state law controls liability for medical malpractice under the FTCA. *See Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008) (*citing Ayers v. United States*, 750 F.2d 449, 452 n. 1 (5th Cir. 1985)). Likewise, La. R.S. 15:751 imposes a duty to provide reasonable medical care for prisoners. The standard of care imposed under Louisiana law for providing for the medical needs of inmates is that those services be

reasonable. *See Elsey v. Sheriff of Parish of East Baton Rouge*, 435 So.2d 1104 (La. App. 1st Cir.), *writ den*., 440 So.2d 762 (La. 1983); *see also Cole v. Acadia Parish Sheriff's Dept*., 07-1386, (La. App. 3d Cir. 11/5/08), 998 So.2d 212, *writ den*., 2008-2875 (La. 2/6/09), 999 So.2d 784.

In his original complaint, Moler makes the conclusory allegation that he "tried to get attention from medical but can only explain their non-response due to knowing [he] was awaiting transfer to another facility." Rec. Doc. 1, p. 3, ¶ IV. Finding that he did not provide sufficient detail for the court to determine whether the standard of care was breached, plaintiff was ordered to amend his complaint to state what treatment he believes was denied, the date(s) of each time he requested medical care, from whom he requested medical care, and the response to each request. His amended complaint simply states, "Moler did notify Medical Department at FCIO without response prior to his being transferred on or around 9-27-19." Doc. 6 at p. 4, ¶ IV. Moler failed to comply with the Court's order to provide specific details regarding his alleged request for medical care and, once again, he provides nothing more than a conclusory allegation, devoid of any facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them. Accordingly, his complaint fails to comply with the pleading requirements of Rule 8, set forth above.

### III.
#### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim on which relief may be granted.

-6-

THUS DONE AND SIGNED in Chambers this 19th day of January, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE