UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ARTHUR FLEMMING MOLER #27271-171** | **CASE NO.  2:19-CV-00982 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **OFFICER WELLS ET AL** | **MAGISTRATE JUDGE KAY** |

## ORDER

On January 3, 2021, the Fifth Circuit Court of Appeal issued a "Judgment/Mandate"[1] which affirmed in part and vacated in part this Court Judgment adopting the Report and Recommendation of the Magistrate Judge and dismissing this lawsuit with prejudice.[2] The Fifth Circuit remanded the case specifically requesting that his Court determine if venue is proper. Venue is proper "in the judicial district where the plaintiff resides." 28 U.S. C. § 1402(b). Moler states in his complaint that he resided in Forrest City Arkansas, at FCI-FC; however, for purposes of venue, "[o]ne does not change his residence to the prison by virtue of being incarcerated there." *Ellinburg v. Connett*¸ 457 S.2d 240, 241 (5th Cir. 1972) (quoting *Cohen v United States,* 297 F.2d 760, 774 (9th Cir. 1962)). An incarcerated person resides in the district where he was legally domiciled before his incarceration. *Id.*  As noted by the Fifth Circuit, the record does not reveal where Plaintiff was legally domiciled prior to his incarceration.  Accordingly,

---

[1] Doc. 16.
[2] Doc. 9.

**IT IS ORDERED** that Plaintiff file into the record a statement with supporting documentary evidence of his legal domicile prior to his incarceration no later than January 31, 2021.

**THUS DONE AND SIGNED** in Chambers on this 4th day of January, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**